35  221
82  426

35  221
143  709

## THE STATE v. KASTER.

1. **Nuisance: EVIDENCE: RES GESTÆ.** In a prosecution for nuisance, the indictment charged that the defendant "unlawfully and injuriously did erect, continue and use a certain inclosure or pen in which cattle and hogs were confined, fed and watered, and the excrement, decayed food, slop and other filth were retained," whereby were occasioned "noxious exhalations and offensive smells greatly cor-

rupting and infesting the air; and other annoyances dangerous to the health, comfort and property of the good people residing in that immediate neighborhood," etc. Evidence was offered on the part of the State that the noise made by hogs in said pens was very great and annoying at night to persons residing in that neighborhood. *Held*, while the evidence offered was not admissible under the general charge of "other annoyances," etc., that it *was* admissible as constituting a part of the facts connected with the nuisance charged, and also as corroborative of the fact that hogs were kept in the pen at night.

2. —— DEFENSES: CRIMINAL LAW. In a prosecution for nuisance, the defendant will not be permitted to show in justification that the public benefit resulting from his acts is equal to the public inconvenience.

3. —— SUFFICIENCY OF CHARGE. The acts charged in the indictment as above specified, constitute a public indictable nuisance, both under section 4409 of the Revision and at common law.

4. —— ORDER OF REMOVAL. But an order requiring the removal of the materials or fence inclosing the pens was held erroneous.

*Appeal from Henry District Court.*

FRIDAY, OCTOBER 24.

INDICTMENT for erecting and maintaining a nuisance. Verdict of guilty. Judgment that the nuisance be abated and that defendant pay the costs thereof, and *of the* prosecution. Defendant appeals.

The further facts are stated in the opinion of the court.

*Amblers & Babb* for the appellant.

*M. E. Cutts, attorney-general,* for the State.

MILLER, J. — The indictment in this case charges that the defendant, J. W. Kaster, on     , etc., "at the county of Henry and State of Iowa, in Center town-

1. NUISANCE: evidence: res gestæ.

ship in said county, near unto divers public streets, being the common highway, and also near unto the dwelling-houses of divers citizens of

the State, there situate and being, unlawfully and injuriously did make, erect, set up, continue and use, and did cause and procure to be made, erected, set up, continued and used a certain inclosure, pen, or lot of ground, in which cattle and hogs were confined, fed, matured and retained, and the excrements, decayed food, slop and other filth retained upon and within said inclosure," etc., "which employment or use of said inclosure," etc., "for said purpose, and permitting of said excrement, decayed food, slop and filth to remain upon and within said inclosure," etc., "occasioned noxious exhalations, offensive smells, unwholesome smells, so that the air was then and there greatly corrupted and infected thereby, and other annoyances becoming and being dangerous to the health, comfort and property of the good people residing in that immediate neighborhood, and being dangerous to the health and comfort, and being a common and public nuisance to the good people of the State of Iowa there passing, repassing, being or residing," etc.

On the trial the court, against defendant's objection, admitted witnesses to testify that the noise made by hogs in the inclosure or pens of defendant was very great and annoying at night to persons residing in the neighborhood; and this ruling is assigned as error.

Our statute (Rev., § 4409) provides, that "The erecting, continuing or using any building or other place for the exercise of any trade, employment, or manufacture which by occasioning noxious exhalations, offensive smells, or other annoyances, becomes injurious and dangerous to the health, comfort, or property of individuals or the public; the causing or suffering any offal, filth, or noisome substance to be collected or remain in any place to the prejudice of others * * * are nuisances."

Under this statute and the indictment in this case, the annoyances resulting from the erection and maintenance of the nuisance charged constituted the gist of the offense,

and while it was not competent, under the general charge of "other annoyances" in the indictment, to prove that the people of the neighborhood were annoyed at night by the noises made by hogs in defendant's pens, yet we are of opinion that the testimony objected to was properly received as part of the facts connected with the nuisance charged, and also as corroborative of the fact that hogs were kept and retained in the pens at night.

If the evidence was competent for any purpose its admission was not erroneous.

II. The defendant called as a witness one Hugh McClure, and proposed to prove by him that the inclosure charged 2. —— defenses: as a nuisance " was a great and essential criminal law. accommodation to the public; that, owing to the lay of the ground and locality of the premises, they were less offensive to the community than any other premises could be that would accommodate the shipping public, and that they were as well kept as they could be." This evidence was objected to by the State and excluded by the court, and this ruling is assigned as error.

In *Rex* v. *Russell*, 6 Barn. & Cress. (Eng. Com. L. R., vol. 13, p. 254), 566, it was held by Mr. Justice BAYLEY, at *nisi prius*, that where a great public benefit accrues, from which arises the abridgment of the right of passage, that abridgment is not a nuisance, but proper and beneficial. But in *Rex* v. *Ward*, 4 Adolph. & E. 384 (31 Eng. Com. L. 92), Russell's case was expressly overruled by the court of king's bench, and it is there held that a defendant, indicted for nuisance, "will not be permitted to show that the public benefit resulting from his act is equal to the public inconvenience which arises from it." In support of this doctrine, see, also, *Respublica* v. *Caldwell*, 1 Dall. 150; Angell on Tide-waters, chap. 8; Roscoe's Cr. Ev., pp. 568, 790; *Hart* v. *The Mayor, etc., of Albany*, 9 Wend. 571, 582; Wharton's Am. Cr. Law (3d ed.), 799, and cases cited; 3 Greenl. on Ev., § 187.

There was, therefore, no error in the exclusion of the proposed evidence.

III. It is next urged that the second and fourth instructions given by the court were erroneous. These instructions are almost in the precise language of section 4409 of the Revision defining the crime of nuisance, and clearly mean the same thing, and, fairly construed, could not have misled the jury.

IV. Also it is urged that the evidence is insufficient to support the verdict because the alleged nuisance is not

3. —— sufficiency of charge.

shown to have been an annoyance to the public generally; and it is claimed that section 4409 of the Revision, under which defendant is indicted, provides no remedy for any public nuisance.

This section defines what acts constitute nuisances, and section 4412 (of the same chapter) provides, that "Whoever is convicted of erecting, causing or continuing a public nuisance or common nuisance as described in this chapter or at common law, when the same has not been modified or repealed by the statute, * * * shall be punished by a fine not exceeding $1,000, and the court, with or without such fine, may order such nuisance to be abated and issue a warrant," etc.

We need not determine whether each of the nuisances defined in section 4409 are not to be considered public nuisances, and as such indictable, for it is clear that the acts charged in the indictment in this case constitute a public indictable nuisance, both under this section and at common law. The indictment charges that the acts specified occasioned noxious exhalations, offensive and unwholesome smells, so that the air was then and there greatly corrupted and infected thereby, becoming and being dangerous to the health, comfort, etc., of all the good people of the State there passing, repassing, being or residing. It also alleges that the inclosure from whence issued these noxious exhalations and offensive and un-

wholesome smells, is situated near to divers public streets and highways. The evidence shows that the pens are within a few rods of a public street, and that persons passing thereon have been greatly annoyed by offensive smells issuing therefrom. It also appears that the pens are situated in a populous neighborhood. These facts establish the public character of the nuisance.

V. The order of the court requiring the removal of the materials inclosing the pens we think was erroneous. 4. —— order of removal. The law authorizes such an order to be made for the abatement of the nuisance, but we cannot see how it becomes necessary in doing this to remove the lumber and materials composing the fence around the pens. The removal of the cattle, hogs, filth and other materials producing the annoyances charged in the indictment, is proper and right, but the order should extend no further than this. With this modification the judgment is

                                        Affirmed.