WM. MESSERSMIDT AND ADOLPH MESSERSMIDT v. PEOPLE.

*Abatement of nuisance—Criminal proceedings—Pollution of Stream.*

Judgment for the abatement of a nuisance should not be rendered unless there is a specific finding of a present state of things showing its necessity. And an information which does not allege that it is a continuing nuisance will not support such a judgment.

Where an information for nuisance alleges that it arises from the use of things. innocent in themselves, the case does not call for their destruction in order to effect an abatement, but for the discontinuance of the objectionable method of using them.

Where a common nuisance is alleged by a criminal charge, facts enough to support the allegation must be stated.

A charge that defendant polluted an ancient stream, thereby rendering the water unfit to drink "to the common nuisance of the people," must show that the stream is one in which the public has rights.

Error to Kent.   Submitted June 23.   Decided June 29.

INFORMATION for nuisance. The court below adjudged that defendants be fined and that the cause of the nuisance be removed.   Reversed.

*D. E. Corbitt* and *John C. FitzGerald* for plaintiffs in error.   An information for a public nuisance must show that it affects the public interests: *Commonwealth v. Webb* 6 Rand. 726; if it does not aver that it continue no ground is shown for a judgment of abatement: *Rex v. Stead* 8 Term 142; *Rex v. Justices of Yorkshire* 7 Term 463; judgment for the destruction of the cause of the alleged nuisance is erroneous if its destruction is not alleged to be necessary: *Shepard v. People* 40 Mich. 492; *Welch v. Stowell* 2 Doug. (Mich.) 332; *Bloomhuff v. State* 8 Blackf. 205; *State v. Kaster* 35 Ia. 221; *Brightman v. Bristol* 65 Me. 426; *Miller v. Burch* 32 Tex. 208; *Earp v. Lee* 71 Ill. 193; *State v. Keeran* 5 R. I. 497; Cooley on Torts 49; and if the proper remedy is merely to stop its use: *Barclay v. Com.* 25 Penn. St. 503; *Taggart v. Com.* 9 Harris

(Pa.) 527; *Campbell v. State* 16 Ala. 144; *Moody v. Supervisors* 46 Barb. 659; *Gray v. Ayres* 7 Dana 375; *Ely v. Supervisors* 36 N. Y. 297; *Brown v. Perkins* 12 Gray 89; *State v. Paul* 5 R. I. 185; *Barnes v. Hathorn* 54 Me. 125; *Finley v. Hershey* 41 Ia. 389.

Attorney-General *Jacob J. Van Riper* for the people. Conducting an unwholesome trade is a nuisance : Tiffany's Crim. Law 836; 2 Whart. Crim. Law § 2389 ; *Robinson v. Baugh* 31 Mich. 290; if a nuisance has been abated before judgment for abatement can be executed, that part of the judgment cannot injure respondents: Whart. Crim. Law § 2368; *Wroe v. State* 8 Md. 416.

GRAVES, J.   Plaintiffs in error were tried for having created a public nuisance.   The information contained five counts; but the circuit judge confined the jury to the first and fourth, and a verdict of guilty was returned.   Judgment was given that each of the accused should pay a fine of fifty dollars and that the sheriff, under the direction of the board of health, and at the expense of the defendants, should abate the nuisance.

In the recent case of *Shepard v. The People*, 40 Mich. 487, we suggested that before any judgment of abatement should be given there ought to be a specific finding of a present state of things showing not only the appropriateness but the necessity of a judgment of that kind.   There is no occasion to repeat those observations.

In the case before us the reasons against such a judgment are very obvious.   Neither count alleged the nuisance to be continuing, and there was no basis for proceeding to give judgment on the supposition that it was.   *The King v. Stead* 8 Term 142; *The King v. The Justices* 7 Term 464.   In the next place the charge was not that the nuisance consisted of something permanent, as a wall or a building.   It was alleged to arise from the use which was made of certain things wholly innocent in themselves; and hence the only necessary expedient for getting rid of the nuisance would be, in case of its continuance, to stop the

objectionable mode of use. The case was not one, therefore, where it would be proper to destroy the instruments in order to effect an abatement, and there was hence no case to which proceedings to abate through the act of the sheriff could apply. *The King v. Pappineau* Strange 686.

The fourth count alleged no offence. The substance of it is that the accused parties conveyed noxious matters from their glue works " into a certain ancient stream of pure water there situated and flowing," and thereby made the " water unfit to drink " " to the common nuisance of the people."

To lay a criminal charge, sufficient facts must be stated to denote it, and where the public offence is the rendering the water of a stream unfit to drink the charge ought to be set out with circumstances to show how it is that the public is interested or affected. Unless this is done the court cannot say that anything amounting to a crime is imputed. Now the count under consideration is wholly wanting in facts to justify the conclusion that the causing of the water in this stream to be unfit for drink was " to the common nuisance of the people." The stream is not described as one in which the public have any right. For aught that appears it may be a stream in which no one except the plaintiffs in error have any right whatever.

It is needless to go further.

The judgment must be reversed.

The other Justices concurred.