82  423
85  706
82  423
p117 528

------

THE STATE OF IOWA, Appellee, v. W. S. SMITH,.
Appellant.

1.  **Public Nuisance:** POLLUTION OF STREAMS: INDICTMENT.  An
indictment charging the accused with unlawfully depositing filth
in a certain stream, to the injury of three persons named and
" other persons residing along said river" sufficiently charges a
public nuisance.

2.  ————: ————: JURISDICTION.  The injurious materials in such
case having been deposited in the stream by the defendant in a
different county from that in which· the persons alleged to have
been injured thereby resided, *held,* that under the provisions of
section 4159 of the Code the courts of either county had jurisdic-
tion of the offense.

3.  ————: ————: JOINT OFFENSES: LIABILITY.  The 'fact that other
persons than the defendant were guilty of polluting said stream
*held* not to excuse the defendant from liability.

4. ——— : ——— : KNOWLEDGE OF EFFECTS. Whether knowledge of the effect of such deposits in a stream is necessary to be shown to constitute the defense of nuisance or not, when the pollution of the stream must necessarily be apparent to one engaged in making such deposits, he will be held to have notice of the effect of his acts.

5. Instructions to Jury: MISLEADING PARAGRAPH: APPEAL. A cause will not be reversed upon appeal because a single paragraph of the trial court's instructions to the jury is confusing and misleading, if, when construed with the rest of the charge, it is not misleading nor prejudicial.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FRIDAY, MAY 15, 1891.

THE defendant was tried and convicted for the crime of nuisance committed by polluting the water in the Iowa river in Tama county, and from a judgment imposing a fine this appeal was taken.—*Affirmed.*

*J. L. Carney*, for appellant.

*John Y. Stone*, Attorney General, *J. R. Caldwell*, County Attorney, and *Thos. A. Cheshire*, for the State.

ROTHROCK, J.—I. The defendant demurred to the indictment. The demurrer was overruled. The sufficiency of the indictment is, therefore, the first question proper to be determined, and it is necessary to set out the instrument. It is in this language: "The said W. S. Smith, on the first day of January, A. D. 1889, and on divers days and times since and up to the time of the finding of this indictment, wrongfully and unlawfully did commit, place, deposit, discharge and run into, and cause to be committed, placed, deposited, discharged and run into, a certain creek and stream of water situated in the county of Marshall and state of Iowa, known as 'Linn creek' a large quantity, to-wit, one hundred tons, of cattle

1. PUBLIC nuisance: pollution of streams: indictment.

manure, filth, offal, glucose, acids, sulphuric acid, sulphur and other poisonous substances, the names of which are unknown to the grand jury; and that by the natural and usual flow of the waters of the said Linn creek and stream all of said manure, filth, offal, glucose, acids, sulphuric acid, sulphur and other poisonous substances, the names of which are unknown to the grand jury, as aforesaid, were at said time carried into the waters of the Iowa river, and by the natural and usual flowing of the waters of the Iowa river all of the said manure, filth, offal, glucose, acids, sulphuric acid, sulphur and other poisonous substances, the names of which are unknown to the grand jury, were at said time carried into the waters of the Iowa river, in the county of Tama and state of Iowa, whereby and by reason whereof the waters of the said Iowa river, in the county of Tama, state of Iowa, aforesaid, and at the time aforesaid, became and were corrupted, rendered unwholesome and impure, to the injury and prejudice of A. B. Taplin, B. F. Hill, Nathan Hall and other persons residing along said river in said county of Tama, state of Iowa, aforesaid, contrary to and in violation of law."

It is claimed by counsel for the appellant that this instrument does not charge an indictable offense. It is said that the indictment is fatally defective because it does not charge that the offense committed was a public nuisance; that it does not appear that the acts of the defendant were injurious to any persons except the three individuals named in the indictment. It is a sufficient answer to this objection to say that by section 4089 of the Code "the corrupting or rendering unwholesome or impure the waters of any river, stream or pond" is a nuisance; and, when it is charged that it is to the injury and prejudice of certain persons and others living along said stream, it is sufficient to constitute a public or common nuisance. This charge is directly made in the indictment in this case, and we think it fully meets the requirements of the rule, as

stated in *State v. Kaster*, 35 Iowa, 221, and *State v. Close*, 35 Iowa, 570.

II.    It is further claimed that the indictment shows upon its face that the district court of Tama county

2. ——:——:      had no jurisdiction for the reason that, if
jurisdiction.      the defendant was guilty of any offense, it
was committed in Marshall county.    This is the principal question in the case, and it was made all through the trial, and is insisted upon now with great apparent confidence.

The facts as disclosed by the evidence correspond with the averments of the indictment, so far as they relate to the place where defendant committed the acts claimed to be an offense.    It does not appear that he did any overt act in Tama county, but that, if the water in the river was polluted by the defendant, it was the consequence of the acts done by him in Marshall county. It is true in a general way that the local jurisdiction of the district court in criminal cases is confined to the county in which the court is held ; but this is not true in all cases.    It is provided by section 4156 of the Code that "the local jurisdiction of the district court is of offenses committed within the county in which it is held, and of such other cases as are or may be provided by law ;" and section 4159 provides that "when a public offense is committed in part in one county and part within another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county." This provision of the statute appears to us to be decisive of the question of jurisdiction.    It is plain that just such offenses as this are contemplated and provided for by this act, and the act has been in force many years. Code, 1851, sec. 2806.    The case of *In re Eldred*, 46 Wis. 530 ; 1 N. W. Rep. 175, relied upon by counsel for the appellant, is not in point.    That was a complaint for maintaining a dam in a stream in one county, which backed the water of the stream across the line in another county.    It was held that an indictment would not lie in the county other than that in which the dam

was located.     But the decision in that case was placed upon the ground that there was then no statute in Wisconsin providing for such a case.     On the other hand, in the case of *State v. Lord*, 16 N. H. 357, it was held that, where a dam was erected in a stream in the state of Maine, the back water from which obstructed a public highway in New Hampshire, an indictment for nuisance would lie in the last-named state.     See, also, *Com. v. Macloon*, 101 Mass. 1, and *King v. Hatfield Township*, 4 Barn. & Ald. 75, and *Thompson v. Crocker*, 9 Pick. 59.

III.     The evidence tends to show that the defendant is employed by the Firmenich Manufacturing Company in and about a glucose factory situated at the city of Marshalltown, and that the offal from said factory, and the waste from yards, where large numbers of cattle were fed, were discharged into a small stream called "Linn creek." This is tributary to the Iowa river, and empties into that stream within Marshall county, and some four miles from Marshalltown.     The evidence shows quite conclusively that above the confluence of the two streams the water in the river was pure and free from obnoxious smells, and that below the junction of the streams the water in the river was polluted, and so impure that many of the fish in the stream died, and that this pollution was plainly manifest as far down the river as Tama City in Tama county.     It also appears in evidence that the sewers from a large part of the city of Marshalltown emptied the sewage from the city into Linn creek above the glucose manufactory, and that there were also one or more slaughter-houses situated on said stream, the offal and refuse from which was thrown into the creek. It is contended that the defendant is not liable if he merely contributed to the contamination of the water which emptied from the creek into the river.     The court took the opposite view, and charged the jury that the defendant was guilty if he contributed to rendering the water impure, corrupt and unwholesome.     The evidence tends strongly to show that there was no observable

3. ———: ———:
   joint offenses:
   liability.

impurity in the water in the river in Tama county until after the glucose factory commenced to waste the refuse from it and the cattle yards into Linn creek. But, however this may be, if the defendant contributed to the pollution of the water it is a fundamental principle of the law that he is guilty of the nuisance ; otherwise no prosecution could be maintained against anyone for the offense.

IV.   It is claimed that the defendant is not responsible for the pollution of the water in the river because

4. ——: ——; . he was a mere employe of the manufactory
knowledge of and had no control thereof as a superineffects. tendent or otherwise, and that he had no knowledge of the effect of wasting the refuse in the creek.   It is to be conceded that the testimony as to the defendant's control of the manufactory is not at all conclusive, but we think it was sufficient to sustain the verdict.   And as to the knowledge, if that be conceded to be necessary,—a point which we do not determine,—we think that the pollution of the waters of the creek and the river was so apparent that all persons engaged in emptying refuse and offensive matters therein should be held to have notice of the effect of their acts.

V.   It is said that the seventeenth paragraph of the charge to the jury is confusing and misleading.   It is

5. INSTRUCTIONS . to be confessed that it is not as clear and
to jury: mis- concise as it might have been made ; but we
leading para-
graph: appeal. think, in view of the other paragraphs of the charge, it was not misleading or prejudicial.   We need not set it out at length.

VI.   Other questions are made by counsel relating to alleged errors in the admission and exclusion of evidence, and to the alleged misconduct of one of the counsel for the state in his address to the jury.   We need not notice these objections in detail.   It appears to us that they do not demand special consideration.   We do not discover any error in them.   The motion to strike appellee's abstract from the files will be overruled.

The judgment of the district court is AFFIRMED.