STATE OF IOWA, Appellee, v. JACOB E. DECKER & SONS, Appellant.

**NUISANCE:** Indictment—Essential Allegations. A statute which, in effect, declares that a person is guilty of a nuisance when he so carries on a lawful business as to corrupt and render unwholesome and impure the waters of a stream "to the injury and prejudice of others," imperatively calls for an indictment which alleges *such specific facts and circumstances* as will show on their face that the corrupting of said waters constitutes a public nuisance. A general allegation that such corrupting was "injurious and dangerous to the public health" is quite insufficient.

*Appeal from Cerro Gordo District Court.*—J. J. CLARK, Judge.

JANUARY 16, 1923.

OPINION ON REHEARING JANUARY 8, 1924.

THE defendant, a corporation, was convicted of the crime of nuisance, and appeals.—*Reversed.*

*Blythe, Markley, Rule & Smith,* for appellant.

*Ben J. Gibson,* Attorney-general, and *W. P. Butler,* County Attorney, for appellee.

DE GRAFF, J.—The defendant corporation was indicted by the grand jury of Cerro Gordo County, Iowa, for the crime of nuisance. The indictment is challenged. The act charged is alleged to be contrary to the form of the statute in such cases made and provided, and therefore it is necessary in the first instance to quote the terms and provisions of the statute upon which the indictment is predicated. The statute reads:

''The erecting, continuing or using any building or other place for the exercise of any trade, employment or manufacture, which, by occasioning noxious exhalations, offensive smells or other annoyances, becomes injurious and dangerous to the health, comfort or property of individuals or the public; the causing or suffering any offal, filth or noisome substance to be collected or to remain in any place to the prejudice of others; the obstructing or impeding without legal authority the passage of any navigable river, harbor or collection of water; or the corrupting or rendering unwholesome or impure the water of any river, stream or pond, or unlawfully diverting the same from its natural course or state, to the injury or prejudice of others; * * *'' Code Section 5078.

In passing upon the ruling of the trial court on the demurrer which questions the sufficiency of the indictment, it is necessary to analyze the statutory definition of the crime charged. Clearly, the statute classifies nuisances as follows:

(1) The erecting, continuing, or using any building or other place for the exercise of any trade, employment, or manufacture which, by occasioning noxious exhalations, offensive smells, or other annoyances, becomes injurious and dangerous to the health, comfort, or property of individuals or the public.

(2) The causing or suffering any offal, filth, or noisome substance to be collected or to remain in any place to the prejudice of others.

(3) The obstructing or impeding without legal authority the passage of any navigable river, harbor, or collection of water.

(4) The corrupting or rendering unwholesome or impure the water of any river, stream, or pond, or unlawfully diverting the same from its natural course or state, to the injury or prejudice of others.

Where does the instant indictment classify? It does not charge the erection or establishment of a place, and the trial court so charged in one of its instructions. Let us turn for a moment to the indictment itself. It reads:

"The said Jacob E. Decker & Sons, a corporation, on or about the 1st day of January, in the year of Our Lord one thousand nine hundred and nineteen (1919), in the county and state aforesaid, and upon divers days and times since and up to the finding of this indictment, did, wrongfully and unlawfully, commit, place, deposit, discharge, and run into, and cause to be committed, placed, deposited, discharged, and run into, a certain creek and stream of water situated in said county, known as 'Lime Creek,' through a sewer which runs from the defendant's packing plant in the city of Mason City in said county, and empties directly into the said Lime Creek, quantities of sewage, filth, offal, acids, and other poisonous substances, to the grand jury unknown; that, by reason of the emptying of said sewer into the said Lime Creek in said county, as aforesaid, in violation of law, and the committing, placing, depositing, discharging, and running into said stream, through said sewer, quantities of filth, offal, acids, and other poisonous substances, in said unlawful manner, by the said defendant, Jacob E. Decker & Sons, the waters of the said Lime Creek in said county, at the time aforesaid, became and were polluted, corrupted, and rendered unwholesome and impure, and by reason of said pollution and corruption of said stream in the manner aforesaid, noxious exhalations, offensive odors, and other annoyances were occasioned, all of which being injurious and dangerous to the public health, comfort, and property, and contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Iowa."

True, the indictment does not adopt the exact language of the statute. This is not necessary, as equivalent language is sufficient. Code Section 5289. Nothing, however, must be left to intendment or implication. *State v. Potter*, 195 Iowa 163; *State v. Clark*, 141 Iowa 297. What essential allegation, if any, does the indictment lack? This is the pertinent question. To allege or charge that a thing is a public nuisance does not state any fact constituting a public nuisance. To allege or charge

that a thing is injurious to the public is to state a mere conclusion. The distinction between a public and a private nuisance does not depend on the nature or the character of the thing itself. In *Town of Colton v. South Dak. Cent. Land Co.,* 25 S. D. 309 (126 N. W. 507), it is said:

"The phrase 'nuisance per se' is misleading. * * * Strictly speaking, no act or omission is a nuisance, regardless of surrounding conditions. No one can create a nuisance, in the absence of someone affected by the former's act or omission. * * * 'Since there must be some place where every lawful business or erection may be lawfully located or carried on, the better rule would seem to be that a lawful business or erection is never a nuisance *per se,* but may become a nuisance by reason of extraneous circumstances, such as being located in an inappropriate place, or being conducted in an improper manner.' "

The essential element in nuisance is the injury to one's neighbors, and involves an invasion of the legal rights of persons sustaining peculiar relations to the property or thing in question, or threatening or impending danger to the public. An indictment for a public nuisance must state in what respect it constitutes a nuisance in relation to its location and the circumstances connected with its use. 29 Cyc. 1281 *et seq.*

In *State v. Glucose Sugar Ref. Co.,* 117 Iowa 524, the indictment alleged that the substance or materials discharged by defendant into the river caused the water of said stream within Tama County to become corrupt, impure, and unwholesome, to the prejudice of the citizens of said county, and especially to certain named citizens engaged in operating paper mills on said river in the city of Tama. See, also, *State v. Smith,* 82 Iowa 423. In *State v. Houck,* 73 Ind. 37, the indictment charged the act to be "to the great injury of all the citizens of the state." The court held that this charged a conclusion, and that it did not supply the want of an allegation as to injury to some part of the citizens of the state.

In *Messersmidt v. People,* 46 Mich. 437 (9 N. W. 485), an indictment which charged the pollution of a stream was held defective in that it failed to allege that the stream is one in which the public had rights.

In *Commonwealth v. Webb,* 6 Rand. (Va.) 726, an indict-

ment charged the damming up of a creek, causing stagnation of the waters. It is held that the State must not only prove, but allege, that the obstructions placed in the creek caused a nuisance "in or near a public highway" or some other place in which "the public" have a special interest. In other words, to charge an act resulting from the use of defendant's premises to be injurious and dangerous to the public health does not charge a crime. Whether the act is lawful or unlawful depends upon the surrounding facts and circumstances; and to avoid the statement of a mere legal conclusion, and make the indictment legally sufficient, these facts and circumstances in which inhere the hurtfulness and injury must be set out by the pleader.

In *Commonwealth v. Megibben Co.*, 101 Ky. 195 (40 S. W. 694), the indictment charged that the keeping of cattle pens was a nuisance to all good citizens. This was held insufficient, as the thing charged was a lawful occupation, and it should have been alleged that the act constituted a nuisance to all persons there living and abiding, or all there passing and repassing, and having the right to pass; or the indictment itself by proper allegation must show proximity to human habitation or highways, and the use of streams which would be damaged by their pollution.

Defendant is a corporation, and not a citizen, in the ordinary meaning of that term. The indictment names no citizen to whom the statutory word "other" could have reference. It is not alleged that Lime Creek is a public stream, or that the pollution of the stream or the odors therefrom existed upon the premises of anybody other than defendant; nor is any place alleged where the public had a right to be. The statute by its terms makes injury to others a material ingredient of the crime of nuisance, and we must recognize a distinction between things which are inherently hurtful or unlawful, and termed under the common law *malum in se*, and things which are hurtful or within the classification of nuisances because done in public places, or where the legal rights of others are infringed.

In *United States Board & Paper Co. v. State*, 174 Ind. 460 (91 N. E. 953), it is said:

"The acts charged against appellant are not such as to constitute a nuisance *per se*, but, if a public nuisance resulted

therefrom, it must be shown that they were done under such circumstances as to affect injuriously the public, or a part of the citizens of this state.''

No facts were alleged upon which to predicate the conclusion that the public was affected. When it is sought to charge the maintenance of a criminal nuisance, sufficient facts must be alleged to enable the court to say that the offending acts, if true, constitute a public, and not merely a private, nuisance.

''It is a settled rule of criminal pleading that, where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same terms as in the definition; but it must state the species; it must descend to particulars.'' *United States v. Bopp*, 230 Fed. 723.

We are not unmindful that our modern statutes in relation to indictments no longer respect mere forms and technical requisites, but are intended to simplify criminal procedure. This does not mean, however, that certain essentials are to be thrown into the discard. The materiality of averments is still a matter for judicial interpretation, and we are not warranted in destroying the ancient landmarks, in the consideration of the instant indictment. A nuisance may be, as Blackstone said, ''anything that worketh hurt, inconvenience, or damage;'' but he was not speaking for a pleader in framing an indictment for nuisance.

We conclude that the indictment in this case is, defective, in that it lacks the averments of facts necessary to show the maintenance of a public nuisance. Wherefore, the cause is— *Reversed.*

ARTHUR, C. J., PRESTON, FAVILLE, and VERMILION, JJ., concur.