[Crim. No. 3296.   Second Appellate District, Division One.—January 30, 1940.]

In the Matter of the Application of LEON COHN for a Writ of Habeas Corpus.

James R. Jaffray for Petitioner.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

DORAN, J.—Petitioner was charged in a complaint in the Justice's Court of San Antonio Township, Los Angeles

County, as follows: "That on the 1st day of June, 1939, in the City of Bell, in the above named Township, in the County of Los Angeles, State of California, the crime of violation of Section 373a, Penal Code (crime of) maintaining a Public Nuisance a misdemeanor, was committed by Leon Cohn, who, at the time and place last aforesaid, did wilfully and unlawfully maintain a nuisance which was injurious to the health of the people living in the neighborhood and obstructing the free use of property, and which did interfere with the comfortable enjoyment of life and property of a considerable number of people, said nuisance being the maintenance of peacocks on those certain premises known as the So. Calif. Bird and Pet Ex. located at 4016-24 Ea. Florence Ave. in the City of Bell, Co. of L. A. . . . "

Upon this charge the defendant was adjudged guilty and sentenced and committed to ninety days in the county jail.

■ It is contended that petitioner's imprisonment is illegal in that the complaint upon which the judgment is based does not allege a public offense. It is elementary that in the circumstances facts must be alleged, and not conclusions. Obviously peacocks are not a nuisance *per se*. When and where it is contended that they constitute a nuisance in violation of section 373a of the Penal Code, facts in support of such contention must be alleged. (*People* v. *Seccombe,* 103 Cal. App. 306 [284 Pac. 725].) The complaint is insufficient.

It is ordered that the petitioner be discharged from custody.

York, P. J., and White, J., concurred.