64 Cal.App.2d Supp. 946 (1944)
THE PEOPLE, Respondent,
v.
DR. STANLEY COOPER, Appellant.
California Court of Appeals. 
May 19, 1944.
 Stuart P. Fischer for Appellant.
 Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.
 KINCAID, J.
 This appeal is taken from a judgment of conviction of violating section 372, Penal Code, a misdemeanor. The complaint charges that the defendant willfully and unlawfully maintained a public nuisance which was injurious to the health and offensive to the senses, and which interfered with the comfortable enjoyment of life and property by the neighborhood, in that there was all night barking of dogs at the defendant's animal hospital, and that refuse and rubbish were burned during the day.
 The evidence discloses that the defendant is a licensed veterinarian who is operating a "Dog and Cat Hospital" on premises which he leases, and which are located on a main business street in the city of Beverly Hills, California. The small building which he occupies for such business is located on the front part of the lot and his incinerator for the burning of refuse is on the rear portion, some 100 feet back. His place of business is adjoined by other business establishments, but there are occupied residences to the rear of, and otherwise near defendant. While there is evidence that some three hundred people live within a one-block radius of the defendant's place of business, five of them testified as to hearing dogs bark, which interfered with their sleep, and that at irregular intervals the odor of burning animal excrement emanated from the defendant's incinerator. Six of such neighbors testified in behalf of the defendant, that they were not annoyed by any such occurrences or conditions.
 It is the contention of defendant that, under the foregoing [64 Cal.App.2d Supp. 948] facts, section 372, Penal Code, is inapplicable to him, and that the judgment of conviction against him of violating such section cannot be sustained. With this contention we agree.
 Section 370, Penal Code, defines a public nuisance. The pertinent part of section 372, Penal Code, is as follows: "Every person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, ... is guilty of a misdemeanor." (Italics added.) This latter section of the code was enacted in 1872, and has never been amended.
 In 1903, the Legislature added section 373a to the Penal Code, and it has never since been amended. The pertinent parts thereof are as follows: "Every person who maintains, permits, or allows a public nuisance to exist upon his or her property or premises, and every person occupying or leasing the property or premises of another who maintains, permits or allows a public nuisance to exist thereon, after reasonable notice in writing from a health-officer or district attorney to remove, discontinue or abate the same has been served upon such person, is guilty of a misdemeanor, and shall be punished accordingly; ..." (Italics added.)
 [1] Section 372, Penal Code, is general in its terms and application, and is only available for use in the prosecution of criminal public nuisances which are not specifically covered by other Penal Code sections carrying their own prescribed punishment. Among such other sections are 316, 372a, 373a, 374b and 375, of the Penal Code. [2] The facts of this case bring it within the specific provisions of section 373a, because they relate to the maintenance of a public nuisance by a person who occupies or leases the property or premises of another. "It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one." (People v. Breyer (1934), 139 Cal.App. 547, 550 [34 P.2d 1065].) When a general and a particular statute are inconsistent, the latter is paramount to the former. (Code Civ. Proc., 1859; Civ. Code, 3534.)
 This conclusion does not leave section 372 without operative effect. Section 373a is limited to the maintenance etc. of a [64 Cal.App.2d Supp. 949] nuisance by a person on his own property or on that of another which he occupies, or rents. It does not extend, for instance, the cases like People v. Montoya (1933), 137 Cal.App.Supp. 784 [28 P.2d 101], where the nuisance was in the public street, or to any other case where defendant commits a nuisance on property he does not own, lease or occupy. All such cases may be prosecuted under section 372.
 It is conceded that no written notice of any kind was ever served upon the defendant by a health officer, district attorney or otherwise to discontinue or abate the acts alleged in these proceedings to constitute a nuisance. The service of such a notice is required by section 373a to be given within a reasonable time prior to the commencement of any prosecution for the maintenance of such nuisance, in order to give the one so charged an opportunity to rectify or discontinue the condition of which complaint is made. The justness of such a preliminary requirement is evident when measured by the situation which confronts the defendant by these proceedings. The evidence shows him to be a licensed professional man who is conducting a legitimate business at an established location. [3] The mere possession of dogs or cats does not create a nuisance per se. (See In re Cohn (1940), 37 Cal.App.2d 39 [98 P.2d 769].) Although appropriate civil remedies might have been resorted to by way of abatement of any such alleged nuisance, the defendant, without being given the opportunity of remedying the claimed evils through notice that they were offensive to his neighbors, found himself under arrest charged with the commission of a crime.
 It is only where, "... after notice by the authorities to discontinue the same, the person maintaining such nuisance fails or omits to discontinue it or remove the cause thereof, [he] will be prosecuted and punished for such dereliction. His omission to abate the nuisance is in reality wherein he offends the law." (People v. Pozzi (1928), 91 Cal.App. 150, 157 [266 P. 860].) [4] It is thus evident that the complaint herein fails to state a public offense by the defendant of a violation of section 373a, as no facts are alleged showing him to have failed or omitted to abate any nuisance after notice by the proper authorities to discontinue the same.
 The judgment is reversed.
 Shaw, P. J., and Fox, J., concurred.