91 So.2d 495

### M. HOCHMAN

v.

### STATE.

I Div. 688.

Court of Appeals of Alabama.

Jan. 24, 1956.

Rehearing Denied Feb. 21, 1956.

Affirmed After Remandment Oct. 16, 1956.

Rehearing Denied Nov. 13, 1956.

Chas. Hoffman, Mobile, for appellant.

John Patterson, Atty. Gen., Robt. Straub and Wm. H. Sanders, Asst. Attys. Gen., for the State.

PRICE, Judge.

Appellant was convicted in the Inferior Criminal Court of Mobile County for the offense of maintaining a public nuisance. On appeal to the circuit court a complaint was filed by the Solicitor charging defendant with said offense. He was convicted in the circuit court and a fine of $500 was assessed against him by the jury.

The complaint charged:

"The State of Alabama by Carl M. Booth, Solicitor for the Thirteenth Judicial Circuit, (Mobile County), complains of M. Hochman that within twelve months before the commencement of this prosecution, he did keep on his premises at the intersection of Old U. S. Highway 90 and Lloyd's Road, in Mobile County, Alabama, automobile and airplane tires in such a manner as to make it a menace or likely to become a menace to the public health, contrary to law and in violation of Title 22, Section 75, of the 1940 Code of Alabama, against the peace and dignity of the State of Alabama."

Defendant's demurrers to the complaint were overruled.

Section 75 of Title 22, Code 1940, provides, in pertinent part: "The following things, conditions and acts, among others, are hereby declared to be public nuisances per se, menacing public health and unlawful: * * * (7) The conducting of a business, trade, industry, or occupation, or the doing of a thing, not inherently insanitary or a menace to public health in such a manner as to make it a menace or likely to become a menace to public health."

In the recent case of Gayden v. State, Ala.App., 80 So.2d 495;[1] Id., 262 Ala. 468, 80 So.2d 501, Presiding Judge Carr for our court and Mister Justice Simpson, speaking for the Supreme Court, reviewed and discussed practically every decision of our courts to the effect that every accused has the right to be informed of the crime with which he is charged and the acts constituting such crime in sufficient detail to enable him to make his defense and be protected in the event of double jeopardy, and that the general rule that an indictment or complaint is sufficient which substantially follows the language of the statute is not applicable where the statute creating the offense does not prescribe with particularity the constituent elements of the offense.

"Averments of mere conclusions are insufficient, and so where the thing complained of is not a per se nuisance the facts which make it such must be averred, and a mere averment that it is or will be a nuisance is not sufficient." 29 Cyc. 1241.

The case of State v. Johnson, 26 N.M. 20, 188 P. 1109, 1110, was an action by the State to enjoin the defendant from the practice of medicine without having first obtained a license as required by law. The Supreme Court of New Mexico held:

"Examining the complaint, we find but one fact stated, viz. the practice of osteopathy or medicine without a license. The allegations that such practice is a nuisance, or is detrimental, dangerous, and injurious to the public health, are merely conclusions of the pleader. Practicing osteopathy or medicine without a license is not a nuisance per se."

In the case of Ex parte Cohn, 37 Cal.App. 2d 39, 98 P.2d 769, the complaint charged, in so far as is pertinent: " '* * * the crime of violation of Section 373a, Penal Code (crime of) maintaining a Public Nuisance a Misdemeanor, was committed by Leon Cohn, who * * * did wilfully and unlawfully maintain a nuisance which was injurious to the health of the people living in the neighborhood and obstructing the free use of property, and which did interfere with the comfortable enjoyment of life and property of a considerable number of people, said nuisance being the maintenance of peacocks on those certain premises known as * * *.' "

The court said: "It is elementary that in the circumstances facts must be alleged, and not conclusions. Obviously peacocks are not a nuisance per se. When and where it is contended that they constitute a nuisance in violation of section 373a of the Penal Code, facts in support of such contention must be alleged. People v. Seccombe, 103 Cal.App. 306, 284 P. 725. The complaint is insufficient."

In Wheeler v. River Falls Power Company, 215 Ala. 655, 111 So. 907, 910, the court, considering the effect of the provision in Title 22, Section 75, Code, supra, that the conducting of any business, etc., is declared to be a public nuisance per se, observed:

"But we think the terms employed by the Legislature must, in the absence of new definition, be accepted with their customary meaning. A nuisance at law or a nuisance per se is defined to be 'an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings.' 29 Cyc. 1153. Certainly appellee's dam is not such a nuisance as that."

Likewise, automobile and airplane tires are not per se a nuisance. They may be or become a nuisance by reason of the manner in which they are maintained.

The complaint merely follows the language of the statute, averring no facts which make the tires a nuisance. The allegation that the tires were kept in such a manner as to make it a menace or likely to become a menace to the public health is

1. Ante, p. 39.

a mere conclusion. The demurrer was improperly overruled.

The holding in Waldrop v. State, 32 Ala. App. 496, 27 So.2d 264, insofar as it is contrary to this decision, is hereby overruled.

The judgment is reversed and the cause remanded.

Reversed and remanded.

### After Remandment.

On certiorari the Supreme Court held that we were in error in holding that the demurrer to the indictment should have been sustained and remanded the case to us for further consideration.

In our original opinion, under the conclusion reached, we deemed it unnecessary to respond to other contentions urged by the defendant.

The evidence tends to show that appellant is the President of a Corporation, Southern Tire and Patch Company, which operates a tire salvage or reclaimed rubber business. The Corporation purchases large quantities of used automobile and airplane tires, stores them in open field until such time as they are processed and shipped out on railroad cars. The storage area, which is located at Lloyd Station Road and Old Highway 90, in Mobile County, Alabama, covers about ten or twelve acres and approximately two hundred thousand tires are stored there. The tires are out in the open and water collects in them after a rain.

On June 30, 1952, a complaint about the situation was filed with the Health Department by Mrs. O. V. Smith, an adjoining property owner. Subsequent inspections and examinations of the premises were made by Board of Health officers on several different occasions during the period from July 20, 1952, until September 22, 1953. Sample dips from the water from a cross section of the tires showed the presence of mosquito larvae. The largest number of tires examined by the Inspector on any given inspection was 55, and on one occasion approximately 6 tires were inspected. The percentage of tires found to have mosquitoes was about fifty per cent of the total inspected on one occasion and ranged from "heavy" to "light." The last occasion when "heavy" breeding of mosquitoes was found was July 27, 1953, the day on which the case was tried in the Inferior Court.

Mr. Gilbert, Senior Sanitarian with the Health Department, testified that defendant was advised that the only way to control the situation was to treat each tire individually with some type of larvacide, but that appellant's first efforts consisted merely of attempting to cut some of the tires in half and inverting them to drain off the water. He next tried putting refuse oil in some of the tires, but left large piles of tires untreated. After conviction in the Inferior Court appellant began spraying with D.D.T. which apparently helped the situation because only "limited breeding" was found on August 27, 1953. The witness stated that one type of mosquito found is capable of transmitting dengue or yellow fever.

Defendant testified that after receipt of notice from the Board of Health he first attempted to stack the tires in such position that they would not hold water. When this failed to correct the situation an attempt was made to cover the tires with a roof. This method proved too costly. Several thousand gallons of oil were bought and sprayed into the tires but this proved to be an industrial hazard when the hot oil spilled over the men as the tires were processed. Spraying with D.D.T. and oil developed into a fire hazard. It was finally learned that a 25 per cent solution of D.D.T. sprayed into the tires was effective in combating mosquitoes. Defendant stated he did not notice any heavy prevalence of mosquitoes in the area where the tires were stored, but that he undertook to comply with the orders of the Health Department.

We are of the opinion the evidence presented a question for the jury and was sufficient to sustain the judgment of con-

viction. There was no error in the court's action in refusing the general affirmative charge nor in denying the motion for a new trial on the ground the verdict was contrary to the evidence.

A ground of the motion for a new trial asserts as error the failure of the court to qualify the jurors or to ascertain whether any of them had a fixed opinion of the defendant's guilt or innocence which would bias their verdict. Neither the ground of motion nor the affidavit of counsel in support of the motion, asserts that objection was made at the time to the court's method of qualifying the jurors.

■ It is not required that the record show that the court ascertained the general qualifications of the jurors, since it is presumed that the court performed his duty in this respect, James v. State, 53 Ala. 380; Batson v. State, 216 Ala. 275, 113 So. 300, and nothing appears in the record as to the qualifying of the jurors.

Furthermore, in Batson v. State, supra, the court held that the effect of the adoption of Section 8662 of the Code of 1923 (now Section 52, Title 30, Code 1940) is to charge the parties in interest with the duty of examining jurors on their voir dire for grounds of challenge, and failing so to do, they cannot complain on motion for a new trial.

■ It was permissible for the witness Gilbert to refresh his recollection by consulting the written memoranda, made by himself at the times and places of the events recorded. Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949.

■■ The witness Gilbert's answer that on September 4th he found heavy mosquito breeding was a shorthand rendering of fact and was not objectionable as a conclusion of the witness. Moreover, the objection came too late. The witness had already answered the question. Ala.Dig., Criminal Law, ☞693.

■ Appellant complains of the court's refusal to permit him to testify as to the amount of money expended in an effort to comply with the terms of a notice from the Board of Health. This action was proper.

In State v. Jacob E. Decker & Sons, 197 Iowa 41, 191 N.W. 359, opinion modified 197 Iowa 41, 196 N.W. 600, the court held that the effort of accused and the municipal counsel to cooperate in finding means to avoid the continuance of a public nuisance maintained by accused afforded no defense to a prosecution for maintaining the nuisance. 66 C.J.S., Nuisances § 161, p. 966.

We find no error in the record, and the judgment is affirmed.

Affirmed.