437 F.2d 408
 2 ERC 1067
 UNION OIL COMPANY OF CALIFORNIA, a corporation, and Fred L.
Hartley, Plaintiffs-Appellees,
v.
David D. MINIER, Defendant-Appellant.
PHILLIPS PETROLEUM COMPANY, a corporation, and Frank Davis,
Plaintiffs-Appellees,
v.
David D. MINIER, Defendant-Appellant.
TEXACO, INC., a corporation, and Wallace A. Avery,
Plaintiffs-Appellees,
v.
David D. MINIER, Defendant-Appellant.
Crandall D. JONES and Humble Oil Refining Company, a
corporation, Plaintiffs-Appellees,
v.
David D. MINIER, Defendant-Appellant.
 Nos. 25045-25048.
 United States Court of Appeals, Ninth Circuit.
 Dec. 3, 1970.
 
 1
 David B. Stanton (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Paul J. Richmond, Deputy Atty. Gen., Los Angeles, Cal., for defendant-appellant.
 
 
 2
 Allyn O. Kreps (argued), of O'Melveny & Myers, Warren Christopher, Girard E. Boudreau, Jr., Edward J. Costello, Jr., Douglas C. Gregg, George C. Bond, Sam A. Snyder, Los Angeles, Cal., for Union Oil Co. of Cal., and Fred L. Hartley.
 
 
 3
 John P. Pollock (argued), of Pollock, Tappaan, Palmer & Metzler, Los Angeles, Cal., for Phillips Petroleum Co. and Frank Davis.
 
 
 4
 Richard Goethals (argued), of Schell & Delamer, Walter O. Schell, Thomas J. Kelley, Jr., Miles W. Newby, Jr., B. J. Rosse, Los Angeles, Cal., for Texaco, Inc. and Wallace A. Avery.
 
 
 5
 Philip K. Verleger (argued), of McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for Crandall D. Jones and Humble Oil Refining Co.
 
 
 6
 Edmund B. Clark, Dept. of Justice, Washington, D.C. (argued), Atty., Shiro Kashiwa, Asst. Atty. Gen., Walter Kiechel, Jr., Deputy Asst. Atty. Gen., George S. Swarth and Jonathan I. Charney, Attys., Dept. of Justice, Washington, D.C., for amicus curiae.
 
 
 7
 Before HAMLEY and BROWNING, Circuit Judges, and SMITH, District judge.*
 
 RUSSELL E. SMITH, District Judge:
 
 8
 The efforts of David T. Minier, District Attorney of Santa Barbara County (appellant here) to stop the development of the outer Continental Shelf in the Santa Barbara channel and the production of oil by threatened use of the California criminal process, were enjoined by the District Court. This appeal is taken from orders refusing to vacate preliminary injunctions. We affirm.
 
 
 9
 The Outer Continental Shelf consists of the lands described in 43 U.S.C.A. 1331(a). The mineral resources on and under the shelf, together with the right to exploit them are owned by the United States.[1] Congress authorized the development of the shelf under private leases[2] to be granted by and administered under the supervision of the Secretary of the Interior. Relevant here are oil and gas leases granted to Union Oil Company of California, Phillips Petroleum Company, Humble Oil and Refining Company, and Texaco, Inc.[3]
 
 
 10
 In January, 1969, there was a blowout in the vicinity of Platform A, operated by Union Oil Company of California. A huge quantity of oil escaped into the sea and found its way to the shore, doing great and varied damage. In February, 1969, the Secretary of the Interior shut down all drilling operations on the portion of the Continental Shelf in question. That order was rescinded about April 1, 1969, but the Secretary of the Interior has since the spill continuously supervised and regulated the operations of Union on Platform A in order to control oil and gas which continues to escape. None of the defendants' operations except Union's, has resulted in any escape of oil and gas.
 
 
 11
 In the spring of 1969 appellant Minier, as District Attorney, served on each of the corporate appellees and upon an executive officer of each a notice to abate a nuisance. The notices to abate served on Union and Texaco described the nuisance as 'the flowing of oil and gas.' The notices to Phillips and Humble described the nuisances as 'drilling for oil or gas' or 'preparation' for such drilling. Notices were likewise served upon many persons who had had no control of any kind over oil operations and whose only connection with oil and gas was supplying the appellees with goods and services necessary to the exploration and development of the leases. These notices were served in accordance with were served in accordance with 373a of the California Penal Code which provides:
 
 
 12
 '373a Public nuisance; continuance after notice to abate; separate offense each day; continuous prosecutions.
 
 
 13
 Every person who maintains, permits or allows a public nuisance to exist upon his or her property or premises, and every person occupying or leasing the property or premises of another who maintains, permits or allows a public nuisance to exist thereon, after reasonable notice in writing from a health officer or district attorney or city attorney or prosecuting attorney to remove, discontinue or abate the same has been served upon such person, is guilty of a misdemeanor, and shall be punished accordingly; and the existence of such nuisance for each and every day after service of such notice shall be deemed a separate and distinct offense, and it is hereby made the duty of the district attorney, or the city attorney of any city the charter of which imposes the duty upon the city attorney to prosecute state misdemeanors, to prosecute all persons guilty of violating this section by continuous prosecutions until the nuisance is abated and removed.'
 
 
 14
 The District Court found that it was 'the intention of the defendant (appellant here) to bring as many prosecutions against plaintiffs (appellees here) * * * and against persons performing support activities as may be necessary to cause the cessation of operations on the Outer Continental Shelf.' This finding is supported by the evidence.
 
 
 15
 Appellant urges that an injunction should not issue because the appellees do have an adequate remedy at law in that the propriety of imposing of California criminal sanctions on appellees for acts done on the Shelf may be determined in the state courts. The argument might be persuasive if we dealt with an isolated criminal prosecution designed to punish defendants for past infractions of the law. Here, however, each threatened criminal prosecution is but a part of a general plan designed to stop all future oil and gas activity on the Continental Shelf. The overall effect of the threatened prosecution in a single case for past action is an entirely different thing from the effect of a series of prosecutions aimed at the future action of not only the appellees but their suppliers as well. Some of the suppliers might rather cease doing business with appellees than bother with the remedies provided by the state system. We cannot say that the findings of an inadequate remedy and irreparable injury were clearly erroneous.
 
 
 16
 The United States did have the power to develop the Outer Continental Shelf and it had the power to accomplish the development by the use of private leases. If the acts of the United States done within its power come in conflict with the powers of the state, then the latter powers must give way,[4] and this is true whether the United States exercises its rights directly or through the use of private persons.[5]
 
 
 17
 Appellant was engaged in a comprehensive plan calculated to completely frustrate a federal power, and the District Court did not err in enjoining him from carrying out that plan by enjoining the threatened prosecutions pending the termination of the litigation.
 
 
 18
 Appellant further urges that the provisions of 28 U.S.C.A. 2283 reading
 
 
 19
 'A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments'
 
 
 20
 prohibit the issuance of an injunction in these cases. Dombrowski v. Pfister, etc., 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) holds that 'this statute and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted.' We think that the service of the notice to abate a nuisance did not institute a state court proceeding. We reach his conclusion because the crime contemplated by 373a is not complete until some act or omission occurs after the service of the notice,[6] and it seems inappropriate to say that a criminal prosecution is instituted prior to the commission of the crime.
 
 
 21
 Because all of the facts are not before us in this case which deals with the delicate relationship between state and federal power in an area of vital concern to California and to the United States, we do not go beyond what is necessary for the decision of this appeal. Specifically we do not pass upon the existence of a power in the state to punish those who, on the Outer Continental Shelf, do acts which have an effect upon the shores, nor do we suggest the limits within which that power, if it exists, might be exercised.
 
 
 22
 The orders appealed from are affirmed.
 
 
 
 *
 The Honorable Russell E. Smith, Chief United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 43 U.S.C.A. 1332(a); Article of Geneva Convention on the Continental Shelf, 15 U.S.T. (Pt. 1) 473. See, United States v. Ray, 423 F.2d 16 (5 Cir. 1970)
 
 
 [2]
 43 U.S.C.A. 1334
 
 
 [3]
 These named companies together with an executive officer of each are the appellees. Each company, together with the executive officer named was a plaintiff in separate actions in the District Court. Except to the extent specifically noted in the opinion however the problems presented by the appeal are common to all appellees
 
 
 [4]
 Mayo v. United States, 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504 (1943); Pacific Coast Dairy v. Dept. of Agriculture of Cal., 318 U.S. 285, 63 S.Ct. 628, 87 L.Ed. 761 (1943)
 
 
 [5]
 Yearsley v. W. A. Ross Const. Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1940); United States v. City of Chester, 144 F.2d 415 (3 Cir. 1944). See, Snohomish County v. Seattle Disposal Company, 70 Wash.2d 668, 425 P.2d 22, cert. den., 389 U.S. 1016, 88 S.Ct. 585, 19 L.Ed.2d 662 (1967)
 
 
 [6]
 People v. Cooper, 64 Cal.App.2d Supp. 946, 149 P.2d 86 (1944)