*Supp. 3 Opinion
NEWMAN, J.
Statement of the Case
On February 26, 1987, a misdemeanor complaint was filed alleging that appellant violated Penal Code section 372, maintaining a public nuisance (count I), and Los Angeles Municipal Code (L.A.M.C.) section 80.02, failing to comply with a lawful order of a peace officer (count II). On March 18, 1987, appellant waived arraignment and entered a not guilty plea to both counts. Trial was scheduled for April 22, 1987.
On April 22, the case was called; a defense motion to dismiss was heard. For purposes of the motion and by stipulation of both parties, the court reviewed and considered as true the facts alleged in the arrest report. First, appellant argued that her conduct was insufficient to constitute a violation of the public nuisance statutes (Pen. Code, §§ 370, 372). Relying on People v. Horton (1970) 9 Cal.App.3d Supp. 1 [87 Cal.Rptr. 818], appellant specifically claimed that “things can be public nuisances only if they more than temporarily obstruct traffic on a street. But people can be a public nuisance only if they intend to obstruct traffic.” Second, appellant claimed that the “general” nuisance statutes could not be applied to the instant case since they were superseded by “specific” Vehicle Code provisions. Without comment, the court denied the defense motion to dismiss.
Appellant then waived jury trial. The People submitted the case to the court on the arrest report and the city attorney’s filing guidelines for Penal Code section 372 offenses. The defense presented no evidence. After consideration of the evidence and argument by counsel, the court found appellant guilty of maintaining a public nuisance (count I), and not guilty of failing to comply with a lawful order of a peace officer (count II).
Appellant was placed on summary probation for 30 months on condition that she serve 15 days in the county jail, and other enumerated conditions, including that she not wave down or hail lone male motorists such as to cause obstruction of traffic, and that she carry at all times a valid California driver’s license or Department of Motor Vehicles identification card.
*Supp. 4 Statement of Facts[1]
On February 22, 1987, at approximately 10:15 p.m., appellant was standing on the sidewalk in front of the Chateau Hotel located on Sepulveda Boulevard. Watching the southbound traffic, appellant would nod and wave at male motorists driving alone.
A white Toyota pickup truck, driven by a lone male motorist, stopped in the street next to appellant. The pickup truck blocked traffic, forcing several cars to change lanes in order to avoid a collision. Appellant walked into the street and appeared to talk to the driver from the passenger’s side of the truck. The pickup truck then drove southbound on Sepulveda; appellant walked back to the sidewalk.
Appellant gestured for the driver of the pickup truck to turn right on Lemay Street. The driver turned on Lemay Street and stopped at the north curb. Appellant walked into the street and stood next to the driver’s door in the westbound traffic lane. Two vehicles traveling westbound on Lemay Street either had to stop or drive into the eastbound lane against traffic in order to avoid hitting appellant.
Appellant was detained by police officers. Police documents showed that on four previous occasions—January 28, 1987, January 30, 1987, September 30, 1986, and November 16, 1986—appellant similarly had been stopped on Sepulveda Boulevard, warned of a public nuisance (Pen. Code, § 372) violation, and then released. Appellant was arrested for maintaining a public nuisance.
Issues on Appeal
1. Is a temporary, nonpermanent blocking of traffic, which is not done for the purpose of blocking traffic, sufficient to support a conviction for public nuisance?
2. Are there more specific offenses applicable to the temporary blockage of traffic in this case, which supplant and therefore bar conviction for the more general public nuisance offense?
Discussion
We conclude that the judgment of the trial court is supported by substantial evidence. A judgment of conviction will not be reversed on *Supp. 5 appeal unless there is no substantial evidence supporting it. (People v. Bard (1968) 70 Cal.2d 3, 4-5 [73 Cal.Rptr. 547, 447 P.2d 939].) We “must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.” (People v. Johnson (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)
Appellant was convicted of maintaining or committing a public nuisance which is proscribed by Penal Code section 372. A public nuisance is “[a]nything which . . . unlawfully obstructs the free passage or use, in the customary manner, of. . . any public . . . street, or highway.” (Pen. Code, § 370.)
Appellant asserts that the cases construing the public nuisance statutes, in connection with obstruction of traffic, pertain to actual physical obstructions to highways, all of which were permanent, or at least “non-temporary” in nature. “[S]ection 370’s definition of street obstruction as a public nuisance has long been construed by California courts as limited to unreasonable obstructions. [Citations.]” (Pain v. Municipal Court (1968) 268 Cal.App.2d 151, 153 [73 Cal.Rptr. 862], italics added.) The application of the statute is not limited to inanimate objects. (Id. at p. 154.) It is nonetheless lawful temporarily to be at rest on a public street. (Fisher v. Los Angeles Pacific Co. (1913) 21 Cal.App. 677, 682 [132 P. 767].) We note, too, that “[obstructions of a temporary nature, which are incidental to the use for which the street is primarily intended and which do not unduly and unreasonably interfere with the rights of the public, are permissible.” (People v. Amdur (1954) 123 Cal.App.2d Supp. 951, 959 [267 P.2d 445], italics added.)
There is no case which holds that only “permanent” as distinguished from “temporary” obstructions can constitute nuisances. Rather, as a survey of the cases indicates, each case turns on its own facts. (Hayman v. Block (1986) 176 Cal.App.3d 629, 644 [222 Cal.Rptr. 293].) Indeed, courts have found obstructions not permanent in nature to constitute nuisances. Students demonstrating at the entrance of a college campus on a particular morning, walking and encumbering vehicular traffic, although allowing cars which requested entry through, have been held to be a nuisance. (People v. Horton, supra, 9 Cal.App.3d Supp. 1, 6 [87 Cal.Rptr. 818].)
Hayman v. Block, supra, 176 Cal.App.3d 629, pertained to a constitutional challenge to guidelines for arrests made pursuant to Penal Code section 372. Appellants in that case claimed that persons believed to be *Supp. 6 streetwalking prostitutes were illegally detained, searched and photographed. (Id. at p. 633.) The court held that “appellants totally fail[ed] to point out any constitutional infirmity with the guidelines” used by law enforcement authorities in section 372 arrests. (Id. at p. 644.) In so holding the court pointed out: “The guidelines do not purport to make a pedestrian a nuisance as appellants argue. The guidelines indicate that enforcement may be directed toward individuals who cause motorists to stop in traffic lanes or restricted areas thereby obstructing the free flow of vehicular traffic. Thus, the nuisance is the stopped vehicular traffic.” (Ibid, original italics.) The Hayman court emphasized that whether a violation of Penal Code section 372 occurs is an issue of fact to be determined on a case-by-case basis.
We construe the holding as inescapably determining that prosecutions like the one in the instant case are proper under Penal Code section 372. The issue of the applicability of the public nuisance statutes to the kind of conduct appellant was convicted of was in fact before the court in Hayman. The arrest guidelines could not have passed constitutional muster unless they applied to “ambulatory pedestrians on sidewalks [who] obstruct vehicular traffic [and] the perambulations of pedestrians who do not continually or continuously occupy a fixed location . . . .” (176 Cal.App.3d at p. 644.) We observe that the students in People v. Horton, supra, 9 Cal.App.3d Supp. 1, were blocking the entrance to the community college campus for an indeterminate period of time. Similarly, in People v. Amdur, supra, 123 Cal.App.2d Supp. 951, the cardtable placed by the defendant on the sidewalk near Sather Gate, the southerly entrance to the University of California, for the purpose of distributing political literature, was found to cause no appreciable obstruction to traffic, “although some pedestrians did find it necessary to change their course of travel to ‘deviate around the card table,’ and in a few instances there were minor physical collisions between pedestrians as a result of walking around the table.” (Id. at p. 958.) The defendant in Amdur had applied for a permit for his cardtable for a four-hour period on two separate dates. The conduct giving rise to his prosecution occurred at a moment in time, 11:35 a.m., February 6, 1953. The court found that the placement of the cardtable as described constituted an obstruction within the meaning of the public nuisance statute and a violation of a Berkeley City ordinance.
In the instant case, appellant caused the driver of a pickup truck to block a traffic lane while she spoke to him from the passenger’s side of the truck. The pickup truck constituted an actual obstruction because several vehicles were forced either to stop or to change lanes in order to avoid a collision. Subsequently, that same pickup truck apparently turned right on a side street intersecting the main street where the first obstruction occurred and stopped at the comer. Appellant then walked into the street, standing in the *Supp. 7 westbound lane of traffic. Again, appellant caused an actual obstruction of traffic because two vehicles were required either to stop or to drive on the wrong side of the street in the eastbound lane to avoid hitting her. Thus, the evidence demonstrated appellant’s conduct was more than a fleeting use of the street, and unduly and unreasonably interfered with normal traffic flow and therefore with the rights of the public.
We are mindful of the dangers of abuse inherent in prosecuting those who obstruct traffic under public nuisance statutes for conduct rendered unlawful by Vehicle Code provisions designed to control the behavior of drivers and pedestrians. Thus, limiting prosecution for public nuisance statute violations to those which come within guidelines such as those considered by the court in Hayman v. Block, supra, 176 Cal.App.3d at pages 634-636,[2] is to be commended.
 Appellant also argues that, because her conduct is subject to one or more of three specific Vehicle Code infraction statutes, she may not be convicted under the public nuisance statute. We find that the three traffic infraction statutes cited by appellant—Vehicle Code sections 22400, subdivision (a), 21955, and 40001, subdivision (a),[3] do not preempt application of the public nuisance laws since none of these statutes addresses specifically the conduct committed by appellant, or meets either prong of the test set *Supp. 8 forth in People v. Watson (1981) 30 Cal.3d 290 [179 Cal.Rptr. 43, 637 P.2d 279]. That test provides the preemption rule is applicable 1) when each element of the general statute corresponds to an element on the face of the special statute, or 2) when it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute. (Id. at p. 296.) Moreover, in order for an obstruction to be a public nuisance, it must be unlawful. “Penal Code section 370 provides that ‘Anything which . . . unlawfully obstructs the free passage or use . . . of. . . any . . . highway, is a public nuisance.’ (See also Civ. Code §§ 3479, 3480.) The key word in this definition is, of course, the word ‘unlawfully.’ ” (Vasquez v. Alameda (1958) 49 Cal.2d 674, 679, fn. 1 [321 P.2d 1] (dis. opn. of Tray nor, J.).) Thus, it is to be expected that for an obstruction to be a nuisance some violation of the law must perforce have occurred. We have previously observed that the cardtable on the sidewalk in People v. Amdur, supra, 123 Cal.App.2d Supp. 951, violated both the public nuisance statute and a Berkeley City ordinance. Similarly, the students obstructing the community college entrance in the Horton case (supra, 9 Cal.App.3d Supp. 1) were found to have committed both a public nuisance and to have violated Penal Code section 607.9, one of the school trespassing statutes. Only if there were a more specific nuisance statute addressing appellant’s conduct would prosecution under section 372 be impermissible. (See People v. Cooper (1944) 64 Cal.App.2d Supp. 946 [149 P.2d 86].)
We conclude that the evidence presented to the trial court sufficiently established a violation of the public nuisance statute. Neither the statutory language nor the case law interpreting these statutes requires that the obstruction in some manner be permanent or “non-temporary.” The trial court properly found that appellant’s conduct constituted an unreasonable obstruction of the customary use of the street and therefore a public nuisance.
The judgment is affirmed.
Margolis, P. J., and Roberson, J., concurred.

 The following facts, considered by the trial court for both the pretrial motion to dismiss and the trial, were, by stipulation of both parties, taken solely from the arrest report.

 The guidelines are: “ ‘. . . Section 372 should not be used in any “sweep” type enforcement, and . . . arrests should generally be used only in the following circumstances:
“ T. That only members of West Hollywood Special Problems Unit utilize section 372 P.C.
“ ‘2. That enforcement primarily be directed toward individuals who cause motorists to stop in traffic lanes or restricted areas thereby obstructing the free flow of vehicular traffic.
“ ‘3. That the motorist stopping be issued a citation for the appropriate Vehicle Code section, and questioned as to why he stopped, i.e. buy flowers, talk to pedestrian, etc.
“ ‘4. That the person or persons causing the motorist to stop be verbally admonished and some type of written record of the warning be kept for utilization and reference on subsequent occasions.
“ ‘5. If the person or persons warned repeat the offense after being warned at least once and perhaps twice, the person be arrested.
“ ‘6. Finally, that the number of arrests be held to a minimum with “no quota” but perhaps a “couple per day.” ’ ” (Id. at p. 636.)

 These sections read, in pertinent part, as follows: Vehicle Code section 22400, subdivision (a)—“No person shall drive upon a highway at such a slow speed as to impede or block the normal and reasonable movement of traffic unless the reduced speed is necessary for safe operation, because of a grade, or in compliance with the law. []]] No person shall bring a vehicle to a complete stop upon a highway so as to impede or block the normal and reasonable movement of traffic unless the stop is necessary for safe operation or in compliance with law.”
Vehicle Code section 21955—“Between adjacent intersections controlled by traffic control signal devices or by police officers, pedestrians shall not cross the road at any place except in a crosswalk.”
Vehicle Code section 40001, subdivision (a)—“It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to cause the operation of the vehicle upon a highway in any manner contrary to law.”